IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| David Lopez, | Case No. 3:15 CV 246 |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| -vs- | JUDGE JACK ZOUHARY |
| North Star Blue Scope, et al., | |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff David Lopez filed this action against North Star Blue Scope ("North Star") and Nathan Berry, North Star's Environmental Health & Safety Manager, alleging Defendants violated Ohio Revised Code § 4113.71(B)(1) by disclosing false information on an employment evaluation causing a prospective employer to withdraw a job offer (Doc. 1 at 1–2). Lopez seeks $133,400 in damages -- his prospective salary had he completed the proposed two-year commitment with the new job (Doc. 1-12).

Lopez also filed an Application to Proceed *In Forma Pauperis* (Doc. 2). That Application is granted.

## BACKGROUND

In 2012, North Star hired Lopez as an EMS Officer to assist in providing emergency care to team members, helping with safety policies and procedures on a daily basis, and maintaining plant security (Doc. 1-5 at 2). Lopez left employment with North Star for a period of time and was rehired in March 2013 as a Shift EHS Team Member. North Star terminated Lopez in October 2013 for failing to meet the requirements of a probationary employee, falsifying his time card, failing to mark "late" on his time card, and failing to accurately report restrictions (Doc. 1-10 at 4–5; Doc. 1-11 at 2–3).

In January 2014, Lopez applied for a new job with AK Tube, LLC and received an offer of employment for the position of Safety Manager (Doc. 1-1 at 2). However, AK Tube rescinded the employment offer after it performed a background investigation through Justifacts Credential Verification, Inc. ("Justifacts"), which reflected negative information from Lopez's employment with North Star (*id.* at 3). In responding to a questionnaire from Justifacts, North Star described Lopez's performance as "below average," indicated he lacked self-motivation, required supervision at least 60 percent of the time, constantly arrived late for work, called off work frequently, showed a propensity for both violence and dishonesty in the work place, failed to mark his time card correctly, and was involved in numerous heated verbal arguments with co-workers. North Star indicated they would not rehire Lopez because he was terminated for misconduct (Doc. 1-2 at 2).

Lopez disputes the accuracy of the information provided by North Star to Justifacts and annexes to the Complaint documents reflecting (1) college certifications he received while employed by North Star to demonstrate "high performance and high self-motivation" (Docs. 1-3 & 1-4 at 1–12, 21–25); (2) his North Star job description indicating "many tasks are done independently and sometimes alone at night" (Doc. 1-5 at 1–2); (3) class syllabi and credit card receipts from purchases of educational materials to demonstrate he took those classes without supervision (Doc. 1-4 at 13–15; Doc. 1-5 at 3–18); and (4) pay stubs and communications with North Star reflecting he worked overtime (Docs. 1-6 –1-8). Lopez contends this documentary evidence demonstrates North Star's response to the Justifacts questionnaire was "malicious and false . . . with the deliberate intent to mislead a prospective employer" in violation of Ohio Revised Code § 4113.71(B)(1) (Doc. 1-2).

## STANDARD FOR DISMISSAL

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required

to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Id.* at 327. An action has no arguable factual basis when the allegations are "delusional" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

This Court must construe the Complaint in the light most favorable to Lopez, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements." *Id.* A complaint need not contain detailed factual allegations, but its "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* This Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A claim is plausible when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**ANALYSIS**

Federal courts are courts of limited jurisdiction and, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts only have the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, federal courts have authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient dollar value between citizens of different states. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must establish he is a citizen of one state and all defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction requires a complaint to present a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

The Complaint does not suggest diversity of citizenship exists in this case. Lopez lists his legal residence as Wauseon, Ohio. North Star BlueScope Steel, LLC appears to be a joint venture between Cargill, Inc. and BlueScope Steel Ltd. *See* http://www.northstarbluescope.com/Company_About.asp. (last visited July 29, 2015). Limited liability companies have the citizenship of each partner or member. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010). For Defendant Berry, the Complaint lists only North Star's address in Delta, Ohio (Doc. 1 at 1).

A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. *See* Federal Civil Rule 8(a)(1). In a diversity action, Plaintiff must state the citizenship of all parties so the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, 2003 WL 22146143, at *1 (6th Cir. 2003). Based on the information in the Complaint, it appears Lopez and Berry are both citizens of Ohio. Diversity of citizenship is not complete. This Court's jurisdiction cannot be based on diversity of citizenship.

In determining whether Lopez's claim arises under federal law, this Court looks only to the well-pleaded allegations of the Complaint and ignores potential defenses which Defendants may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). This Court may also look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Lopez is proceeding *pro se* and enjoys the benefit of a liberal construction of his pleading to encompass any allegation stating federal relief. *Haines*, 404 U.S. at 520. Even with liberal construction, Lopez fails to identify a federal question in this case. His sole cause of action is based on a violation of state law -- Ohio Revised Code § 4113.71(B)(1). This Court lacks subject matter jurisdiction.

## CONCLUSION

For these reasons, this Court dismisses the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 29, 2015